```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF MISSOURI
                          EASTERN DIVISION

MEGAN O'KEEFE,                    )
                                  )
            Plaintiff,            )
                                  )
      v.                          )     No. 4:06 CV 1060 DDN
                                  )
MIDWEST TRANSIT, INC.,            )
MIDWEST TRANSPORT, INC., and      )
JEFFREY L. WHITSELL,              )
                                  )
            Defendants.           )
```

## **MEMORANDUM AND ORDER**

This matter is before the court on the motion of plaintiff Megan O'Keefe to remand. (Doc. 11.)

## **Background**

Plaintiff O'Keefe commenced this action in the Circuit Court of the City of St. Louis. The complaint alleges that plaintiff and defendants were involved in an automobile accident, and that plaintiff suffered injuries as a result of defendants' negligence. She prays for judgment "in an amount that is fair and reasonable and more than Twenty-Five Thousand Dollars ($25,000.00) together with her costs herein incurred." (Doc. 1 Ex. A.)

Defendants Midwest Transit, Inc., Midwest Transport, and Jeffrey L. Whitsell removed the action, pursuant to diversity of citizenship jurisdiction. Defendants allege that plaintiff is a citizen of Missouri, defendant Western Transport, Inc. is a citizen of Illinois and Delaware, defendant Midwest Transit is a citizen of Illinois, and Jeffrey Whitsell is a citizen of Illinois. They allege the amount in controversy exceeds $75,000.

Plaintiff moved to remand ultimately[1] arguing that the amount in controversy does not exceed $75,000.

---

[1]Plaintiff originally argued that defendant Midwest Transit, Inc., was a Missouri corporation and that there was not complete diversity of citizenship. That defendant has been voluntarily dismissed from the action and complete diversity *vel non* is not an issue on the motion to remand.

## Discussion

A defendant can remove a claim to federal district court only if the claim could have been brought there originally. 28 U.S.C. § 1441(b); Peters v. Union Pac. R.R. Co., 80 F.3d 257, 260 (8th Cir. 1996). The propriety of removal to federal court depends on whether the claim falls within the scope of the district court's original subject matter jurisdiction. See 28 U.S.C. § 1441(b). Removal statutes are strictly construed; any doubts about the propriety of removal are resolved in favor of state court jurisdiction and remand. Transit Cas. Co. v. Certain Underwriters at Lloyd's of London, 119 F.3d 619, 625 (8th Cir. 1997), cert. denied, 522 U.S. 1075 (1998). Here, the only basis for removal and the court's subject matter jurisdiction is diversity jurisdiction, which requires that the amount in controversy exceed $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a).

The removing party has the burden of establishing the jurisdictional amount. James Neff Kramper Family Farm P'ship v. IBP, Inc., 393 F.3d 828, 831 (8th Cir. 2005). In a case like this, where the plaintiff does not allege a specific total amount of damages, defendant has the burden of establishing by a preponderance of the evidence that the amount in controversy exceeds $75,000. In re Minn. Mut. Life Ins. Co. Sales Practices Litig., 346 F.3d 830, 834 (8th Cir. 2003); Gonzalez-Lopez v. Fable, 2005 WL 2708832, at *4 (E.D. Mo. 2005).

When proving the amount in controversy by a preponderance of the evidence, the defendant must "provide 'sufficient proof that a plaintiff's verdict may reasonably exceed that amount.'" Gonzalez-Lopez, 2005 WL 2708832, at *3 (quoting Gilder v. Walt Disney Co., 915 F. Supp. 1001, 1007 (W.D. Ark. 1997)). "[A] court must look at the actual value of the claims presented and not rely solely on the pleadings." Id. at *4. Any amounts stated in the petition are not determinative, and the court must look to the substance of the claim to determine if federal jurisdiction is present. Id.; City of University City v. AT & T Wireless Services, Inc., 229 F. Supp. 2d 927, 933 (E.D. Mo. 2002). Besides the petition, in determining the amount in controversy, the court may also consider the notice of removal, and such records as affidavits of the parties about whether or not plaintiff's

-2-

damages exceed $75,000 in value. Reding v. Fed. Deposit Ins. Corp., 942 F.2d 1257, 1257 (8th Cir. 1991); Yrovinski v. Heartland Exp. Inc. of Iowa, 2006 WL 146222 at *2-3 (E.D. Mo. 2006); Tucker v. Wal-Mart Stores, Inc., 2006 WL 1134712 at *1 (E.D. Mo. 2006); Synergetics, Inc. v. Hurst, 333 F. Supp.2d. 841, 843-44 (E.D. Mo. 2004).

After considering the record, the court concludes that defendant has proven by a preponderance of the evidence that the amount in controversy is more than $75,000. Defendant has shown plaintiff could reasonably receive a verdict in excess of $75,000.

In the context of a motion to remand an action for personal injuries, often plaintiff is in the position of downgrading her injuries and damages and the defendant looks for information that increases them. When this action was begun in state court in August 2005, plaintiff's complaint typically alleged substantial damages. Plaintiff alleged that in the subject collision on June 23, 2004, she received serious and permanent injuries, including injuries to her head, neck, left shoulder, arm, and hand, and that the uses of these body parts have been, and will be in the future, greatly impaired. She alleges she suffers from loss of sleep, nervousness, irritability, and that her ability to work, labor, earn wages, and enjoy life has been limited and will be in the future. She alleges she will suffer, because of her permanent and progressive injuries, a great deal of pain and suffering in the future. Further, plaintiff specifically alleged medical expenses of approximately $6,500, loss of income of approximately $5,000, loss of the market value of her automobile in the approximate value of $15,000, and prays for judgment in excess of $25,000. (Doc. 1 Ex. A at 3.) The record discloses that plaintiff suffered from a pre-existing cerebral palsy condition, with varying possible effects upon her damages.

The settlement negotiations perhaps indicate a devaluing of plaintiff's damages. In settlement correspondence, dated December 2005, plaintiff's counsel indicated that plaintiff continues to suffer from her injuries and continues to lose income. Plaintiff's counsel made a compromise settlement demand for $45,000, not including the claim for property damage. (Doc. 18 Attach. B.) In his August 14, 2006, brief in support of the motion to remand, plaintiff's counsel stated that

through December 15, 2005, a year and a half after the accident, plaintiff has incurred medical bills of $7,107 and asserts no lost wage claim. Further, he stated that no medical doctor has linked plaintiff's post-accident seizures to the subject accident. Plaintiff's last settlement demand was $37,500, and defendant' last offer was $20,000. (Doc. 11 at 6.) However, in the brief in opposition to the motion to remand, defendants' counsel argues that plaintiff was hospitalized for four days in January 2006 for seizures and that the attending physician has not indicated that the seizures were unrelated to the vehicle collision. Further, counsel indicates that plaintiff has to date "refused to sign an Affidavit or other document certifying that she seeks to recover less than $75,000." (Doc. 18 at 6.) Plaintiff has not contradicted her failure to stipulate the limit of her damages.

While the matter is not without dispute, the court finds that the amount in controversy exceeds $75,000, exclusive of interest and costs.

Therefore,

**IT IS HEREBY ORDERED** that the motion of plaintiff to remand (Doc. 11) is denied.

/s/ David D. Noce

**DAVID D. NOCE**
**UNITED STATES MAGISTRATE JUDGE**

Signed on September 18, 2006.